**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4370**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY ROBERTS, a/k/a Noochie,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Leonie M. Brinkema, District Judge.  (1:11-cr-00035-LMB-2)

Submitted:  December 20, 2012     Decided:  December 26, 2012

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Brian Donnelly, J. BRIAN DONNELLY, P.C., Virginia Beach, Virginia, for Appellant.   Lisa Owings, Kara Martin Traster, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Roberts appeals his 120-month sentence after pleading guilty pursuant to a plea agreement to one count of conspiracy to distribute twenty-eight grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has examined the record and found no meritorious grounds for appeal, but questioning the validity of Roberts' guilty plea and the reasonableness of Roberts' statutory mandatory minimum sentence. Roberts was informed of his right to file a pro se supplemental brief, but did not file one. We affirm.

Because Roberts did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Roberts] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court complied with Rule 11, and that Roberts' guilty plea was knowing and voluntary.

We also conclude that Roberts' sentence is both procedurally and substantively reasonable. We review a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Finally, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, the district court properly calculated Roberts' Guidelines sentence, considered the § 3553(a) factors, and sentenced Roberts to two consecutive sixty-month terms, the statutory mandatory minimum on each count. We therefore conclude that Roberts' sentence is reasonable.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Roberts, in writing, of the right to petition the Supreme Court of the United States for further review. If Roberts requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roberts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>